```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/8/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,              :
                                       :
                                       :   17 CR 262 (VM)
     - against -                       :
                                       :
NATHAN ITZCHAKI,                       :
                                       :   **DECISION AND ORDER**
                                       :
                  Defendant.           :
-----------------------------------X

**VICTOR MARRERO, United States District Judge.**

The Court received a motion by defendant Nathan Itzchaki ("Itzchaki") for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Section 3582"). (See "Sentence Reduction Motion," Dkt. No. 641). On July 21, 2020, the Court denied the Sentence Reduction Motion, finding Itzchaki did not meet the requirements for compassionate release under Section 3582. (See "Order," Dkt. No. 644.)

Now before the Court is Itzchaki's motion for leave to file a motion for reconsideration of the Order. (See "Motion," Dkt. No. 692.) The Motion is hereby DENIED.

## I.  BACKGROUND

In 2016 and 2017, Itzchaki was convicted of one count of wire fraud and three counts of conspiracy to commit mail fraud, and he was sentenced to sixty-six months' imprisonment. In July 2020, while incarcerated at FCI Cumberland, he filed an expedited motion for a sentence

1

reduction, pursuant to Section 3582, due to the health risks associated with the COVID-19 pandemic. (See Sentence Reduction Motion.) Itzchaki argued that his age -- sixty-one years at the time -- and health problems put him at a higher risk of severe illness or death if he contracted COVID-19.

Section 3582 requires a finding that "extraordinary and compelling reasons warrant" a sentence reduction. Section 3582(c)(1)(A)(i). If a Court finds such reasons present, then it must consider the factors set forth in 18 U.S.C. § 3553(a) to determine whether it should grant the reduction. In considering Itzchaki's motion, the Court found that, despite the Government's concession that there were extraordinary and compelling reasons for relief, the 3553(a) factors overwhelmingly weighed against a sentence reduction. The Court denied the Sentence Reduction Motion.

Several months after the Order was issued, Itzchaki filed a request for leave to file a motion for reconsideration because of "new arisings in his facility and his health." (See Motion).

## II.   LEGAL STANDARD

Reconsideration is "an extraordinary remedy to be employed sparingly." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). As the Second Circuit has explained, the standard for granting a

2

motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

### III.   DISCUSSION

After reviewing Itzchaki's Motion, the Court is not persuaded reconsideration is warranted, and therefore DENIES the Motion. Itzchaki does not argue that there was a change in law after the issuance of the Order or that the Court overlooked controlling authority. Itzchaki's argument for reconsideration instead focuses on the statute of limitations under 28 U.S.C. § 2244(d)(1)(D), the statute governing applications for a writ of habeas corpus. However, the Sentence Reduction Motion was brought pursuant to a different statute: Section 3582.

Unlike Section 2244, Section 3582 does not prohibit second or successive motions for a sentence reduction or compassionate release. If Itzchaki believes conditions have changed such that the Court's analysis would now differ, he may bring a new Section 3582 motion after exhausting his administrative remedies. See, e.g., United States v. Torres, No. 16-cr-500, 2021 WL 37690, at *2 (S.D.N.Y. Jan. 5, 2021).

All arguments for compassionate release must be administratively exhausted, meaning that a defendant cannot change the reasoning for his request without returning to first seek relief from the Bureau of Prisons. See <u>United States v. Nwankwo</u>, No. 12-cr-31, 2020 WL 735287, at *1 (S.D.N.Y. Dec. 14, 2020). Accordingly, a motion for reconsideration is not the proper vehicle for this request.

### IV.  <u>ORDER</u>

For the reasons stated above, it is hereby

**ORDERED** that the motion filed by defendant Nathan Itzchaki (<u>see</u> Dkt. No. 692) for reconsideration of the Court's July 21, 2020 order (Dkt. No. 644) is **DENIED.**

**SO ORDERED.**

Dated: New York, New York
       8 October 2021

_____
Victor Marrero
U.S.D.J.